## HANS HAMMERSTAD v. ARROW HEAD STEEL PRODUCTS COMPANY.[1]

March 6, 1936.

No. 30,652.

*Grant L. Martin,* for appellant.
*Gleason & Ward,* for respondent.

[1] Reported in 265 N. W. 433.

562

PER CURIAM.

Plaintiff worked in a factory fronting on Broadway, northeast Minneapolis. To the west thereof is defendant's plant. Between the two buildings is an open space of the width of about 150 feet. Part thereof on defendant's land is devoted to railroad tracks and walking and loading platforms. East of the tracks and platforms, the unoccupied land owned by plaintiff's employer was used by plaintiff to park his car. At the time here in question plaintiff had parked his car on his employer's premises about 18 feet east of defendant's loading platform. This platform, as well as the connecting walking platform, rested on wooden legs. The ground is largely peat. Defendant deposited rubbish to the rear of its plant near the walking platform and also the debris raked out of its furnace for treating steel, when sufficiently cooled. This took several hours. On August 21, 1934, a fire started in this debris pile on defendant's premises and communicated to the platforms and adjacent property, including plaintiff's car, which was totally destroyed.

This action is to recover for the loss of the car, alleged to have been caused by defendant's negligence in setting the fire and allowing it to escape. There was testimony given by the defendant's then foreman showing that the debris raked out of the steel treating furnace had been deposited on the pile wherein the fire started before it had had time to cool off, and that the manager discharged this foreman the next day on account of his negligence in permitting the furnace debris to be dumped before properly cooled. The foreman also testified that when the fire was first observed in the pile and eating into the wooden legs of the walking platform he proposed to put it out by going for some buckets of water, but the manager, who was then there and had called the city fire department, thought it best to await its arrival. It shortly came, but by that time plaintiff's car was in flames. We can hardly conceive how the jury could avoid finding that the fire which destroyed plaintiff's car was set by the hot furnace debris negligently deposited by defendant's servants on the dump mentioned, and then negligently allowed to escape to adjacent property. The very ground

on which the dump and platforms were maintained was of such nature that care was required in keeping it free from fire hazards.

Plaintiff testified that the car, a 1926 Chrysler sedan, was worth "around $200." He had owned it about one year and a half. It cost him $150 and another car. He had had the motor rebored and provided the car with new pistons and rings, new bearings, connecting rods, new tires, and a new top. A man who had been in the second-hand automobile business and who knew and had driven plaintiff's car estimated it to be worth $200. Defendant called only one witness to testify as to the value of the car. He had not seen it, but he had 20 years' experience as a dealer in automobiles. He testified that the car was worth from $50 to $75. The verdict was for $150. No one can in reason find fault with the amount of the verdict.

The order denying defendant's motion for a new trial is affirmed.